

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 17, 1958

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-369

Re: Authority of the Comp-
troller to issue warrant
in payment of traveling
expenses to a District
Judge under Article 1620,
Vernon's Civil Statutes,
upon the facts submitted.

Dear Mr. Calvert:

We have received your letter of January 31, 1958, in which you request our opinion as to the propriety of issuing a reimbursement warrant to a District Judge of a District composed of two or more counties to cover his travel expenses for a round trip to Austin, Texas, to confer with the Director of the Texas Department of Public Safety to secure an officer to wait upon the District Court of one of the counties in his District.

Authority for payment of this District Judge's travel expenses is contained in Article 6820, Vernon's Civil Statutes, but is limited to those expenses incurred ". . . when engaged in the discharge of their <u>official duties</u> in any county in this State other than the county of their residence". (Emphasis ours)

While public officers are, for some purposes, agents of the public and of the community which they represent, their duties and authority are defined and limited by law, and they have no general authority to bind the public. They possess only such powers as are expressly conferred upon them by law, or which are necessarily implied therefrom. 34 Tex. Jur. 440, 441, Public Officers, Section 67.

Section 23, Article V, Constitution of Texas, establishes the office of Sheriff in each county; and it is well recognized that the Sheriff is available to wait upon the

District Court and to perform its administrative and ministerial functions. (Belcher, et al v. Cassidy Brothers Livestock Commission Co., 62 S.W. 924, writ of error denied; Hartson, Sheriff, et al v. Langston, et al, 292 S.W. 648, writ of error refused; 38 Tex. Jur. 142 Sheriffs, Section 2).

That the Legislature intends the Sheriff to provide such service to the District Court is made clear by Article 3933, Vernon's Civil Statutes, directing payment to the Sheriff for such service.

Since your letter states no facts which would bring the act within the limits of authority of the District Judge, and, therefore, within the meaning of "discharge of their official duties" as used in Article 6820, Vernon's Civil Statutes, we are of the opinion, and you are so advised, that reimbursement for expenses so incurred is not authorized by such Article.

## SUMMARY

Reimbursement of a District Judge's travel expenses incurred in a trip to Austin for the purpose of securing an officer to wait upon the Court is not authorized by Article 6820, Vernon's Civil Statutes, such trip not being in "discharge of their

official duties" upon the
facts submitted.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Assistant

TIM:wam

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Cecil C. Rotsch

J. Mark McLaughlin

J. Milton Richardson

John H. Minton, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY: W. V. Geppert